UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAY SPECTER, ) | Civil Action No.: 4:09-cv-0191-TLW-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| DIRECTOR, FEDERAL BUREAU OF ) | |
| PRISONS, and WARDEN, EDGEFIELD ) | |
| SATELLITE PRISON CAMP, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

## I.  INTRODUCTION

Petitioner, Jay Specter, (Petitioner/Specter) is an inmate in the custody of the Federal Bureau of Prisons (BOP). Petitioner, appearing pro se, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241[1] on January 27, 2009. Respondents filed Motion to Deny Habeas Petition (Document # 17) on May 4, 2009, along with a Return and supporting Memorandum. The undersigned issued an order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. On May 15, 2009, Petitioner filed a Response in Opposition to the Motion to Deny Habeas Petition. Respondents filed a Reply to Petitioner's Response. Petitioner filed a Sur Reply to Respondents' Reply as well as a Motion to Compel (Document # 28) and a Motion for Evidentiary Hearing (Document # 27). Petitioner has also filed two Motions for

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Preliminary Injunction (Documents # 33, 42) and a Motion to Consolidate Cases (Document # 39).

Petitioner seeks a determination that he is eligible for at least 12 months of "Community Confinement Center"[2] placement pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3621(b), and 18 U.S.C. § 3624(c).

## II.   FACTS

Petitioner is currently incarcerated at the Satellite Prison Camp (SPC) adjacent to the Federal Correctional Institution (FCI), located in Edgefield, South Carolina. SENTRY Sentence Computation (attached as Ex. A to Respondents' Return). He is serving a 42-month term of incarceration imposed by the United States District Court for the District of South Carolina for five counts of making, uttering and possession counterfeit securities in violation of 18 U.S.C. § 513. SENTRY Sentence Computation p. 1.

Petitioner arrived at SCP Edgefield on June 25, 2007. Progress Report dated February 13, 2009 p. 2 (attached as Ex. B to Respondents' Return). He has participated in the recommended programs and has not committed any disciplinary infractions while incarcerated. Progress Report p. 2. Respondent asserts he will be referred for Residential Reentry Center (RRC) placement once he is within 17 to 19 months of his anticipated release date. Progress Report p. 3. Respondent anticipates that Petitioner will be released from his current term on September 16, 2010, with credit for Good Conduct Time. SENTRY Sentence Computation p. 2.

In July 2008, Petitioner wrote to a Congressman, seeking information about community confinement and the Second Chance Act. Letter dated July 30, 2008 (attached as Ex. C to Respondents' Return). Former Warden LaManna responded to the Congressional inquiry that

---

[2]Also known as a Residential Reentry Center (RRC).

followed, explaining the referral process, considerations and time frames. Letter dated July 30, 2008.

Petitioner asserts that two of his case managers have stated formally that Petitioner will not receive more than six months of RRC placement. Petitioner argues that he is eligible for twelve months of RRC placement because of his successful participation in and completion of a majority of all of the vocational skills development programs offered at the Edgefield Satellite Camp.

Respondent argues that this court lacks subject matter jurisdiction under 28 U.S.C. § 2241, the Director of the BOP is not a proper Defendant in this action, the issue is not yet ripe because the decision has not been made regarding his placement in RRC, Petitioner has failed to exhaust his administrative remedies for this claim, and Petitioner's claim is without merit.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Respondent argues that Petitioner is not challenging the fact or duration of his sentence, but rather, a condition of his confinement, that is, where he will serve his sentence, which is not a viable claim under § 2241. Courts have rejected this argument in similar cases. In Levine v. Apker, 455 F.3d 71 (2nd Cir.2006), the Second Circuit Court of Appeals stated:

> [The petitioner's] petition challenges the place of his imprisonment, including the differences in the manner and conditions of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish CCCs from other BOP penal facilities. [The petitioner's] claim is therefore . . . an attack on the execution of his sentence, and as such is governed by § 2241.

Id. at 78. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242-44 (3rd Cir.2005) (holding that a challenge regarding placement in a CCC is a challenge to the execution to Petitioner's sentence and, thus, is properly brought under § 2241); Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir.2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's

sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000) (finding that challenges to the "manner, location, or conditions of a sentence's execution" must be brought pursuant to § 2241); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir.2000) ("Such an attack, focusing on where his sentence will be served, seems to fit better under the rubric of § 2241."). This court has accepted challenges regarding placement in CCCs as properly brought under § 2241 in several cases. See, e.g., Cox v. Bauknecht, 9:07-1114-GRA-GCK, 2008 WL 906643 (D.S.C. March 13, 2008); Paschal v. Bauknecht, 8:07-249-JFA-BHH, 2007 WL 4568979 (D.S.C. Dec. 20, 2007); Boston v. Bauknecht, 6:07-0250-GRA-WMC, 2007 WL 3119482 (D.S.C. Oct. 22, 2007). The undersigned agrees that Petitioner challenges the execution of his sentence and, thus, is proper under § 2241.

**B.     Proper Respondent**

Petitioner names the Warden of the Edgefield Satellite Prison Camp and the Director of the BOP as Respondents in this action. The only proper respondent in a habeas petition is the "person having custody of the person detained. . . .not the Attorney General or some remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, the Director of the BOP is not a proper Respondent and should be dismissed from this action.

**C.     Ripeness**

In its Return and Memorandum, Respondent argued that Petitioner's claim was not ripe for review because no recommendation had been made regarding his placement in RRC. Subsequently, Respondent filed a Declaration of Valerie Wilkins, Petitioner's Case Manager, who states that a recommendation to place Petitioner in RRC for 150-180 days (5 to 6 months). Wilkins Dec. ¶ 13;

Attachment 1 to Wilkins Dec (attached to Respondent's Response to Plaintiff's Motion for Preliminary Injunction). Thus, Plaintiff's claim is now ripe for review.

### D. Exhaustion

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. See 28 C.F.R. § 542.10. Administrative exhaustion is required prior to a § 2241 challenge. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir.1984), cert. denied, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to do so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 762 (3d Cir.1996). Although 28 U.S.C. § 2241 does not have an express exhaustion requirement, federal courts have held that available remedies must be exhausted in § 2241 cases. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (exhaustion required under 28 U.S.C. § 2241; and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir.1975) (exhaustion required under 28 U.S.C. § 2241). The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. See 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The Petitioner may informally attempt to resolve the complaint with a staff member. 29 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within

twenty (20) calender days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974): 542.15(a).

The Petitioner "has no alternative but to comply" with these administrative procedures. Williams, 792 F.2d at 987. See also 28 C.F.R. § 542.10 through § 542.16; Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

Respondent concedes that Petitioner filed grievances concerning his understanding that he would not be recommended for 12 months of RRC placement and appealed each response. At each level, he was advised that no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date. However, Respondent argues that Petitioner's attempt to exhaust his remedies before the agency even acted should not be sufficient to obtain judicial review of a claim that is not ripe. Petitioner argues that he filed his grievances prior to the recommendation being made in order to have sufficient time to exhaust prior to the expiration of his term.

Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. Jones v. Bock, 549 U.S. 199, 204 (2007). It also has the potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record. Id.; Woodford v. Ngo, 548 U.S. 81, 94-94 (2006). Petitioner's approach to exhaustion frustrates these purposes. When an inmate attempts to exhaust an issue before the issue is ripe for review, the BOP is deprived of its opportunity

to properly address the issue before being haled into court. Thus, the undersigned finds that Petitioner has failed to properly exhaust the issue presently before the Court. Nevertheless, even assuming Petitioner has properly exhausted his claim, dismissal of this Petition is still appropriate for the reasons discussed below.

**E.     Merits**

Petitioner asserts that he should have been recommended for 12 months of RRC placement. RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1), as amended by the "Second Chance Act of 2007" effective April 9, 2008. Such offenders are designated to places of imprisonment in consideration of the five factors set out in 18 U.S.C. § 3621(b).

The amendment of 18 U.S.C. § 3624(c)(1) required the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

Section 3621(b) provides,

> The Bureau of Prisons shall designate the place of a prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>     (1) the resources of the facility contemplated;

>    (2) the nature and circumstances of the offense;
>    (3) the history and characteristics of the prisoner;
>    (4) any statement by the court that imposed the sentence–
>        (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>        (B) recommending a type fo penal or correctional facility as appropriate; and
>    (5) any pertinent policy statement issued by the Sentencing Commission ...
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoner of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

To comply with this statute, the BOP adopted a set of interim rules, which became effective October 21, 2008. See 28 C.F.R. §§ 570.20 - .22. Both the statute and the rules direct the BOP to determine "on an individual basis" how much time, if any, each federal prisoner should spend at an RRC. The statute and the rules set a maximum amount of time that a prisoner can spend at an RRC, not more than twelve months, but they do not set any minimum amount of time that a prisoner must spend at an RRC. See 28 C.F.R. § 570.21 ("Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months"). Under these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on the § 3621(b) factors. Skrzypek v. Cruz, 2009 WL 465053 *2 (D.Minn. Feb. 24, 2009).

Despite a prisoner's eligibility for a placement of up to twelve months in an RRC, it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir.2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to [an RRC] does not mean that it must"). Therefore, Petitioner's request that this Court direct the BOP to place him in an

RRC for the maximum period of twelve months is not relief which this Court may grant. Accordingly, the Court has authority to review only whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors.

Petitioner's case manger, Wilkins, set forth the procedure taken to determine the appropriate recommendation for Petitioner's RRC placement. She asserts the during the RRC recommendation process, she consults with the inmate regarding the inmate's release plans and with various staff members concerning the inmate's progress toward his program goals. Wilkins Dec. ¶¶ 7, 8. The Unit Team found that Petitioner had good work habits and was progressing in various educational programs. Wilkins Dec. ¶ 8. It also found that Petitioner was active in various religious programs. Wilkins Dec. ¶ 8. The "Factors Under 18 U.S.C. § 3621(b) Worksheet" (attached to Wilkins Dec.) reveals that each of the five factors set forth in § 3621(b) was considered by the Unit Team. Wilkins also indicates in her Declaration that, while many offenders have some trouble reintegrating, inmates, like Petitioner, who have been in minimum security facilities for shorter periods of time have an easier time reintegrating. Wilkins Dec. ¶ 11. She further states that Petitioner's work history prior to his incarceration indicates an ability to work in various fields and he possesses skills that would be marketable upon release. Wilkins Dec. ¶ 10. Based upon the foregoing, the undersigned finds that the BOP properly reviewed Petitioner's case for RRC placement on an individualized basis and followed § 3621(b)'s five factors. Therefore, the Petition should be dismissed.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Respondent's Motion to Deny Habeas Petition (Document # 17) be granted and Petitioner's Petition be dismissed.[3]

                s/Thomas E. Rogers, III
                  Thomas E. Rogers, III
               United States Magistrate Judge

February 4, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[3] If the district judge accepts this recommendation, the remaining pending motions will be moot. The remaining pending motions are also without merit. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989) (A hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence."); Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009) (noting that a preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief during the litigation of the type available after conclusion of suit).